IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COLLEEN NIX,

    Plaintiff,

v.                                                                                                 No. 1:24-cv-00691-KG-LF

NEW MEXICO DEPARTMENT OF PUBLIC
SAFETY, NEW MEXICO STATE POLICE
and KEVIN B. KEINER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the opposed motion of defendants New Mexico Department of Public Safety and New Mexico State Police (collectively, "DPS") to withdraw admissions made in response to plaintiff Colleen Nix's first set of discovery (Doc. 53). Having reviewed the parties' submissions and the law, and having heard the argument of counsel, the Court grants the motion.

## BACKGROUND

Ms. Nix first filed this action against defendants Kevin Keiner, New Mexico Department of Public Safety, and New Mexico State Police in the First Judicial District Court, County of Santa Fe on June 5, 2024; defendants removed the case to federal court on July 8, 2024. Doc. 1 at 1–2. Ms. Nix asserts that Mr. Keiner, who was then employed as a New Mexico State Police Officer, raped her, and she has brought claims against him for battery, negligence, intentional infliction of emotional distress and outrage, and civil rights violations under 42 U.S.C. § 1982. *Id.* at 6–11. Ms. Nix also sued DPS for violations of the New Mexico Civil Rights Act ("NMCRA"). *Id.* at 9–10.

The Court issued a scheduling order setting discovery deadlines after a Rule 16 Initial Scheduling Conference on November 20, 2024. *See* Doc. 18. On July 28, 2025, the Court granted an extension of the discovery deadlines, and discovery terminated on October 31, 2025. Doc. 68 at 1. During the discovery process, plaintiff served her First Set of Discovery to DPS on January 9, 2025, *see* Doc. 23, which included requests for admissions ("RFAs") pursuant to Federal Rule of Civil Procedure 36, Doc. 53 at 3. RFA Number 2 stated: "Defendant Kevin Keiner was at all pertinent times hereto an employee and officer with New Mexico State Police, and at all times relevant hereto, was acting under the color of law." Doc. 67-3 at 2. RFA Number 3 stated: "At all times relevant hereto, Kevin Keiner was acting under the color of law." *Id.* On February 10, 2025, DPS served its responses to Plaintiff's First Set of Discovery, including affirmative admissions to RFAs 2 and 3. Doc. 53 at 3.

On July 3, 2025, DPS filed the present motion to withdraw its admissions to RFAs 2 and 3 and for leave to serve supplemental responses denying those RFAs. *Id.* at 8. DPS argues that it should be permitted to withdraw its admissions because doing so would promote presentation of the merits of the case and because the withdrawal will not prejudice Ms. Nix. *Id.* at 3–8; Doc. 71 at 1–3. Ms. Nix opposes the motion, arguing that allowing the admissions to stand still will require the presentation of the merits of the case, but allowing withdrawal will prejudice her. Doc. 67 at 3–8. The Court held a hearing on the motion on November 7, 2025, where counsel for all parties appeared and presented arguments. *See* Doc. 96.

## ANALYSIS

Federal Rule of Civil Procedure 36(b) provides that a matter admitted in response to a request for admission "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). A court "may" allow

withdrawal or amendment "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* The Advisory Committee Notes for Rule 36 explain that subsection (b) "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." FED. R. CIV. P. 36(b) advisory committee's note to 1970 amendment.

The Tenth Circuit has interpreted the language of Rule 36(b) to permit withdrawal or amendment of an admission should a two-prong test be satisfied: "when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting FED. R. CIV. P. 36(b)) (alteration in original). For the following reasons, the Court finds (1) that DPS has demonstrated that withdrawal of the admissions will promote presentation of the case on the merits, and (2) that Ms. Nix has failed to demonstrate that she will be prejudiced by the withdrawal.

> **I.    Withdrawal of the admissions will promote presentation of the merits of the case because the admissions concede a core element of Ms. Nix's cause of action against DPS.**

The first prong of the Rule 36(b) test requires a court to analyze whether withdrawal or amendment of the admission at issue will "subserve" presentation of the merits of the action. *Raiser*, 409 F.3d at 1246. The Tenth Circuit has found this prong satisfied where the admission concedes core elements of the plaintiff's case. *See id.* (finding that "allowing the admissions to be withdrawn would subserve the presentation of the merits of the action" where "the admissions at issue conceded the core elements of [the plaintiff]'s case").

3

DPS argues that this prong is satisfied because the admissions at issue concede a core element of Ms. Nix's civil rights case against it: that Keiner was acting under color of state law. Whether an individual was acting under color of state law is an element of both a § 1983 claim and a claim under the NMCRA.[1] *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."); N.M. STAT. ANN. § 41-4A-3(B) (specifying that a cause of action may be brought against "a public body or person acting on behalf of, *under color of* or within the course and scope of the authority of a public body") (emphasis added). The parties agree that RFAs 2 and 3 sought an admission that Mr. Keiner was acting under color of state law at the time relevant to Ms. Nix's claims, *see* Doc. 53 at 3; Doc. 67 at 1–2, but Ms. Nix raises several arguments to contest that DPS satisfied this first prong.

First, Ms. Nix argues that withdrawal or amendment will not foreclose presentation of the merits of the case because there remain other issues to be decided at trial, including whether Ms. Nix was capable of consenting to sex, whether she did in fact consent, and damages based on breach of duty. Doc. 67 at 5. Ms. Nix argues that "presentation of the merits of the case" refers to presentation of the case as a whole rather than presentation of the merits of an individual claim or an element of a claim. Doc. 67 at 4. Ms. Nix emphasizes a sentence from another case in this district that itself cites a Tenth Circuit opinion: "a court may allow the withdrawal of admissions if upholding the admissions would practically eliminate *any presentation* of the merits of the case." *United States v. 316 75th Street SW Albuquerque, NM 87121*, No. 1:21-cv-00549-KWR-KK, 2023 WL 6121917, at *1 (D.N.M. Sept. 19, 2023) (emphasis added) (citing *Raiser*, 409

---

[1] DPS cites both the § 1983 and NMCRA claims, Doc. 53 at 5, but Ms. Nix's complaint only raises NMCRA claims against DPS while raising the § 1983 claims only against Mr. Keiner. *See* Doc. 1 at 8–10.

F.3d at 1246). The Tenth Circuit in *Raiser* quoted that phrase from an Eleventh Circuit case but did not elaborate further. 409 F.3d at 1256 (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)). Though *Raiser* supports the proposition that the first prong of the 36(b) test is easily met if admissions concede core elements of all of a plaintiff's claims, no description was provided of the admissions at issue in *Raiser*, nor was there an explicit statement that withdrawal must foreclose litigation of *all* claims in an action for the first prong to be satisfied. *See id.*

Indeed, another Tenth Circuit case compels the opposite conclusion. In *Bergemann v. United States*, the plaintiff sued two corporations and the federal government after her partner was killed in a mid-air plane collision. 820 F.2d 1117, 1117 (10th Cir. 1987). Among several issues to be decided in the case was whether the plaintiff was the common law wife of the deceased. *Id.* at 1117–18. During discovery, the United States failed to answer a request for admission that the plaintiff was in a common law marriage with the deceased, and the plaintiff moved for default and partial summary judgment against the United States on that issue. *Id.* at 1118. The Tenth Circuit construed the government's opposition to the motion for summary judgment as a motion to withdraw its deemed admission and found that the withdrawal "promotes a decision on the merits" even though the withdrawal related to a single issue in a multi-issue case. *Id.* at 1120–21. The Tenth Circuit's affirmation of that withdrawal refutes Ms. Nix's claim that the first prong of the Rule 36(b) test can be satisfied only where an admission will foreclose presentation of the merits of her entire claim against DPS.

Additionally, Ms. Nix did not argue in her response that the admissions do not concede a core element of her claim against DPS; indeed, her argument that she still must present evidence on the *other* elements of her claim against DPS seems to assume that the admissions concede a

5

core element of her NMCRA claim. *See* Doc. 67 at 5. Nonetheless, at the hearing on the motion, counsel for Ms. Nix argued that whether Mr. Keiner was acting under color of law is not a core element of her NMCRA claim. Doc. 96 ¶ VI(a). The NMCRA specifically provides that

> [a] person who claims to have suffered a deprivation of any rights, privileges or immunities pursuant to the bill of rights of the constitution of New Mexico due to acts or omissions of a public body *or* person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief in any New Mexico district court.

N.M. STAT. ANN. § 41-4A-3(B) (emphasis added). Counsel for Ms. Nix argued that the "or" italicized in the above quote reflects that Ms. Nix may *either* establish that her rights were violated by a public body *or* a person acting under color of a public body. Doc. 96 ¶ VI(a)(iii)–(v). Because whether a person was acting under color of a public body is just one of two ways to prove this element of the NMCRA, Ms. Nix's counsel argued that DPS's admission that Mr. Keiner was acting under color of law does not concede a core element. *Id.* Counsel for DPS agreed at the hearing that the language of the NMCRA seems to contemplate alternate bases for establishing liability but also noted that case law interpreting the NCMRA's language is sparse given how new the statute is. *Id.* ¶ VII(b).

Even assuming that Ms. Nix's interpretation of the NMCRA is correct, her argument is unavailing. The Tenth Circuit has advised courts to look to the "effect upon the litigation" when determining whether the first prong of the Rule 36(b) test has been satisfied. *In re Durability, Inc.*, 212 F.3d 551, 556 (10th Cir. 2000) (quoting *Fed. Deposit Ins. Corp. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994)). If Ms. Nix is correct that proving that Mr. Keiner was acting under color of law is just one of two ways to establish this element of her NMCRA claims, DPS's admission that Mr. Keiner was acting under color of law still excuses her from presenting evidence on that issue. Under Ms. Nix's interpretation, she need only prove one or the other to establish a

NMCRA violation: either DPS as a public body violated her rights or Mr. Keiner was acting under color of a public body when he violated her rights. In other words, she would not need to prove at trial that DPS as a public body violated her rights because DPS's admission that Mr. Keiner was acting under color of state law conclusively establishes that element of her claim (so long as she proves that Mr. Keiner violated her rights). The effect on the litigation is still that DPS has conceded a core element of Ms. Nix's NMCRA claim.

Ms. Nix also distinguishes the cases that DPS cites on the basis that those cases involve "deemed admissions," that is, where a party failed to respond rather than explicit, affirmative responses like those made by DPS. *Id.* at 3–5. The text of Rule 36, however, does not differentiate between deemed admissions and affirmative admissions, nor do the Advisory Committee Notes comment on any difference between the two. *See generally* FED. R. CIV. P. 36. Neither has the Tenth Circuit stated anything to imply that affirmative admissions should be treated any differently than deemed admissions for purposes of Rule 36(b). *See Raiser*, 409 F.3d at 1246–47; *Bergemann*, 820 F.2d at 1120–21; *In re Durability*, 212 F.3d at 556–57. On the contrary, the Tenth Circuit's decision in *In re Durability* involved an affirmative admission: the parties to a bankruptcy case stipulated that a premium on a life insurance policy at issue in the case had not been paid during a certain month, and the life insurance company moved for summary judgment on that issue before discovery had closed. 212 F.3d at 554. During discovery, however, the trustee obtained new evidence indicating that the premium actually had been paid. *Id.* The bankruptcy court still granted the life insurance company's motion for summary judgment, relying on the trustee's prior admission that the premium had not been paid despite later evidence to the contrary. *Id.* Citing *Bergemann*, which involved a deemed admission, the Tenth Circuit applied Rule 36(b)'s standard to decide whether the evidence

7

contradicting the parties' prior stipulation should be considered—effectively withdrawing the plaintiff's prior stipulation that the premium had been paid. *Id.* at 556–57 (citing *Bergemann*, 820 F.3d at 1120–21). The Tenth Circuit held that the lower court abused its discretion by refusing to consider the new, contradictory evidence, and it was of no consequence that the stipulation at issue was affirmative rather than a deemed admission. *See id.* at 557. Here, like in *In re Durability*, DPS initially admitted to a fact that it now contests based on facts developed during discovery. *See id.* at 554; Doc. 71 at 2.

Finally, Ms. Nix faults DPS for failing to satisfactorily explain why it initially admitted to the RFAs and now—several months later—seeks to withdraw those admissions. Doc. 67 at 1, 7. DPS asserts that the admissions were an honest mistake before all material facts had been developed during discovery. Doc. 53 at 6; Doc. 71 at 1–2. Whatever the reason for DPS's admissions to RFAs 2 and 3, the "court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than on the moving party's excuses for an erroneous admission." *In re Durability*, 212 F.3d at 556 (citation modified). Accordingly, DPS's reasons for initially making those admissions are irrelevant to the Rule 36(b) analysis. The Court therefore finds that DPS has satisfied the first prong of the Rule 36(b) analysis and that permitting withdrawal of its admissions to RFAs 2 and 3 would promote presentation of the action on the merits.

II.     **Ms. Nix has not satisfied the Court that allowing DPS to amend or withdraw its admissions will prejudice her.**

The second prong of the Rule 36(b) test requires Ms. Nix to show that she would be prejudiced by the withdrawal of the movant's admissions. "Mere inconvenience does not constitute prejudice for this purpose," and prejudice "is not simply that the party who obtained the admission now has to convince the jury of its truth." *Raiser*, 409 F.3d at 1246 (quoting

8

*Bergemann*, 820 F.2d at 1121). Rather, Rule 36(b) prejudice "relates to the difficulty a party may face in proving its case," such as "the unavailability of key witnesses" or "the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). For example, the Tenth Circuit found no prejudice where a plaintiff "clearly knew defendants challenged" a core element of her case despite one defendant's failure to answer a RFA regarding that element. *Bergemann*, 820 F.2d at 1121. The time at which the withdrawal is requested may also be relevant for determining prejudice, as the closer the withdrawal is made to trial, the less time the nonmoving party has to obtain evidence related to the previous admission. *See Pedroza v. Lomas Auto Mall, Inc.*, 258 F.R.D 453, 465 (D.N.M. 2009) (finding that seeking to withdraw an admission "on the eve of trial, after discovery has closed, and two months after [the moving party] had agreed that it would not withdraw its admission" would cause substantial prejudice to the nonmoving party), *superseded on other grounds as stated in Nissen v. United States*, No. CIV 21-0505 JB/SMV, 2021 WL 3663799, at *3 (D.N.M. Aug. 18, 2021); *United States v. 316 75th St. SW Albuquerque, NM 87121*, No. 1:21-cv-00549-KWR-KK, 2023 WL 6121917, at *3 (D.N.M. Sept. 19, 2023) (finding "no 'sudden need' for evidence related to the admissions on the eve of trial" because no trial date was set) (quoting *Raiser*, 409 F.3d at 1246).

      The burden is on "the party who obtained the admission . . . to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Raiser*, 409 F.3d at 1246. Ms. Nix—in one short paragraph without citation to any legal authority—simply contends that she will be prejudiced because she "hired expert witnesses based on the discovery responses." Doc. 67 at 8. As discussed above, the prejudice contemplated by Rule 36(b) largely involves the difficulty the nonmoving party will face in

9

gathering evidence it assumed it would not need because of the admission. *See Raiser*, 409 F.3d at 1246.  But because Mr. Keiner consistently has asserted that he was not acting under color of state law, *see* Doc. 7 ¶¶ 44, 53, 57; Doc. 50 at 10–16, Ms. Nix has gathered substantial evidence on that subject, some of which she attached to her response, *see* Docs. 67-1; 67-2; 67-4; 67-5.  Further, DPS represented at the hearing that Ms. Nix's expert offered opinions that Mr. Keiner was acting under color of law and was deposed on that subject.  Doc. 96 ¶ V(a)(i)(3)(c).  And although DPS admitted that Mr. Keiner was acting under color of state law in its responses to Ms. Nix's First Set of Discovery, it denied that accusation in its July 8, 2024, answer to the complaint.  Doc. 3 ¶¶ 44, 53, 57.  Thus, even if Ms. Nix believed she would not have to prove that Mr. Keiner was acting under color of state law as to her claim against DPS, she's been on notice since September 2024 that at least Mr. Keiner is disputing this element.  *See Bergemann*, 820 F.2d at 1121 (finding no prejudice where plaintiff knew defendants challenged a core element of the plaintiff's case despite one defendant failing to timely respond to a request for admission); *see also* Doc. 50 at 10–16 (defendant Keiner's motion for summary judgment based in part on a lack of evidence that he was acting under color of law).  Finally, DPS sought withdrawal of its admissions several months before discovery closed on October 31, 2025, and a trial date still has not been set.  *See* Doc. 68 (extending case management deadlines to terminate discovery on 10/31/2025); *cf. Pedroza*, 258 F.R.D at 465 (finding substantial prejudice where a party moves to withdraw an admission on the eve of trial and after discovery has closed).  The Court therefore finds that Ms. Nix has failed to demonstrate that she will be prejudiced by withdrawal and amendment of DPS's admissions to RFAs 2 and 3.

## CONCLUSION

DPS has demonstrated that withdrawal of its admissions to Ms. Nix's Request for Admissions 2 and 3 will promote presentation of the case on the merits, and Ms. Nix has failed to satisfy the Court that she will be prejudiced by the withdrawal of those admissions. DPS's Motion to Withdraw Admissions (Doc. 53) is therefore GRANTED. DPS shall serve amended responses to RFAs 2 and 3 on Ms. Nix within seven (7) days of the date of this order.

IT IS SO ORDERED.

_____
Laura Fashing
U.S. Magistrate Judge