IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COLLEEN NIX,

           Plaintiff,

v.                                           No. 1:24-cv-00691-KG-LF

NEW MEXICO DEPARTMENT
OF PUBLIC SAFETY, et al.,

           Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for partial summary judgment filed by Defendant Kevin Keiner. Doc. 50. Plaintiff Colleen Nix responded to the motion, Doc. 70, and Keiner replied. Doc. 87. For the reasons below, the motion is denied.

### I.  Background[1]

Under 42 U.S.C. § 1983, Nix alleges that Keiner, a New Mexico State Police Officer, sexually assaulted her while she was intoxicated and asleep, in violation of her substantive due process rights. Doc. 1 ¶¶ 40–50.[2]

The incident occurred in February 2023. Nix and Keiner were friends, but according to Nix, Keiner wanted a romantic relationship, while she did not. *See* Doc. 50-1 at 19. On the night of the incident, Nix was out drinking at a bar, *id.* at 3, and told Keiner that she was intoxicated by text message. *Id.* at 5; Doc. 87 at 16. Nix was involved in a physical altercation

---

[1] "The facts in this section are either undisputed or stated in light most favorable to the nonmovant[]," Nix here. *Parraz v. UNM Bd. of Regents*, 2024 WL 3676928, at *1 (D.N.M.).

[2] Nix also brings state law tort claims against Keiner and constitutional claims against the New Mexico State Police and Department of Public Safety. Doc. 1. Keiner's summary judgment motion does not raise these claims, so the Court does not reach them.

with her brother after leaving the bar.  Doc. 70 at 7; Doc. 87 at 8.  After attempting to contact another police officer, Nix called Keiner, who was on duty as a police officer until midnight that evening, about the altercation at 10:56 p.m.  Doc. 50 at 2–3, 6; Doc. 70 at 7.  Nix called Keiner to take her to the police station to file a report about the fight with her brother.  Doc. 50-1 at 10–11.  Keiner responded to Nix's call and arrived at Nix's location a short time later while still on duty wearing his police uniform and driving a police vehicle without the lights or sirens on.  Doc. 87 at 13.

Keiner told Nix that he was going take her to the police station to file a report about her brother, but instead he drove her to his parent's house.  Doc. 50 at 4; Doc. 70 at 4–5.  Keiner arrived at his parents' residence with Nix while he was "still on duty at approximately 11:15 p.m."  Doc. 87 at 15.  Nix's intoxication caused her to black out after getting into Keiner's vehicle—she did not know that Keiner was driving her to his parents' house, and her next memory was being in the shower with Keiner behind her and not knowing where she was.  Doc. 50-1 at 12–13, 17.  She blacked out again, and her next memory was seeing the flames of a pellet stove before falling asleep and then waking up to Keiner having sexual intercourse with her.  *Id.* at 13, 16, 18.  Keiner stopped what he was doing when Nix woke up, and Nix left the residence and reported the incident to the police.  Doc. 50-7 at 3.

## II.     *Standard of Review*

Summary judgment is warranted if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant "bears the initial responsibility" to identify evidence from the record demonstrating the "absence of a genuine dispute of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), meaning that the "record taken as a whole could not lead a rational trier of fact to find" for the nonmovant.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden then shifts to the nonmovant to "go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.

### III.   Analysis

Because there are genuine disputes of material fact about whether Keiner violated Nix's substantive due process rights, Keiner's motion for partial summary judgment is denied.

The relevant substantive law is well established. Sexual assault intrudes on a person's bodily integrity and therefore violates the substantive component of the Fourteenth Amendment's Due Process Clause. *Abeyta v. Chama Valley Indep. Sch. Dist.*, 77 F.3d 1253, 1255 (10th Cir. 1996). Section 1983 creates a cause of action for federal constitutional violations against persons acting "under color" of state law. 42 U.S.C. § 1983; *see McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011). A state official acts under color of state law by "exercis[ing] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). There must be a "real nexus between the employee's use or misuse of their authority as a public employee" and the "violation allegedly committed by the defendant." *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995). This is a fact-intensive inquiry: Courts "must examine the nature and circumstances of the actor's conduct and the relationship of that conduct to the performance of his official duties." *T.G. v. Rio Arriba Cty. Comm'rs*, 2020 WL 6075662, at *4 (D.N.M.) (citation and alteration omitted).

The record in this case, viewed in Nix's favor as the nonmovant, demonstrates genuine disputes of material fact that only a jury can resolve about whether Keiner sexually assaulted Nix

while acting under color of state law.  As detailed above, Nix called Keiner the night of the incident in Keiner's capacity as a police officer to report a physical altercation with her brother.  Keiner responded by driving to Nix's location in a marked police car, in his police uniform, and while on duty and told Nix that he was taking her to the police station to file a report—official police action.  But instead of driving Nix to the station—and knowing that Nix had texted him earlier that she was intoxicated—Keiner took her to his parent's house where he allegedly engaged in sexual activity with her while she was asleep and intoxicated.  *See supra* at 1–2.  Under § 1983's fact-bound inquiry, a reasonable jury could conclude that Keiner acted "under pretense of law" and "pretended authority" here as a police officer to bring an intoxicated woman needing police assistance to his parent's residence to sexually assault her.  *T.G.*, 2020 WL 6075662, at *3 (citation omitted).  That is enough to preclude partial summary judgment.

Keiner resists these conclusions, but his arguments lack merit.  First, he contends that no reasonable jury could conclude that he sexually assaulted Nix because Nix lacks "personal knowledge of the key events": "She cannot testify to whether she did or did not consent" because she cannot remember the incident, she "cannot recall how the sexual activity began, and [she] offers no admissible evidence establishing that a violation of her bodily integrity occurred." Doc. 50 at 8.  This argument fails.  It goes without saying: "[A] person who is asleep at the time of an assault—especially when that person [is] also intoxicated from drinking alcohol—is incapable of appraising the nature of the sexual conduct, physically incapable of declining participation in the act, [and] physically incapable of communicating unwillingness to engage in the act." *United States v. Freeman*, 70 F.4th 1265, 1273 (10th Cir. 2023).  Here, Nix testified specifically that she was so intoxicated that she "blacked out" and could recall only being in the shower with Keiner behind her without knowing where she was and later "waking up" to find

Keiner "on top of [her] and his penis inside of [her]." Doc. 50-1 at 13, 16, 18. Keiner disputes Nix's account, but the question of whose story is more credible is for the jury to resolve—not this Court at summary judgment. *E.g.*, *Logan v. Corning, Inc.*, 159 F.R.D. 46, 50 (D. Kan. 1994) ("[S]ummary judgment is not the proper stage for the determination of credibility or to weigh a party's evidence.").

Next, Keiner argues that Nix's assertion that "she was too intoxicated to consent" fails "as a matter of law" because she offers no expert testimony to establish her intoxication; meanwhile, Keiner's expert concluded that Nix "was not incapacitated and retained the functional capacity to consent." Doc. 50 at 9. This argument, too, goes against basic summary judgment principles. Keiner cites no authority for his assertion that expert testimony is required "as a matter of law" to show intoxication in § 1983 due process sexual assault cases, and it is again up to the jury to weigh the evidence and decide if the account of Keiner's expert is more believable than Nix's own account. *E.g.*, *Logan*, 159 F.R.D. at 50; *Cereceres v. Walgreen Co.*, 645 F. Supp. 3d 1110, 1119 (D. Colo. 2022) ("[I]t is up to the jury to decide…what weight to accord to [an expert's] testimony"). The Court cannot resolve this credibility battle at the summary judgment stage.

Last, Keiner argues that no reasonable jury could conclude that he was acting under color of state law because the record undisputedly demonstrates a "private encounter [with Nix], in a non-custodial setting, shaped by…Keiner's personal motivations—not an exercise of police authority." Doc. 50 at 10–11. The Court disagrees. As detailed above, there is enough evidence in the record for a rational jury to conclude that Keiner used the pretense of police authority and assistance to bring an intoxicated woman to his residence where he sexually assaulted her.

Keiner cites two precedential Tenth Circuit decisions to support his color-of-law argument, but both are distinguishable for the reasons above. *See* Doc. 50 at 12–13, 15. *Haines v. Fisher* involved a police officer who pretended to rob a convenient store clerk whom he knew as part of a practical joke involving other officers, but the plaintiff's § 1983 claims failed because the officer was not acting under the pretense of police authority or wearing police attire—the practical joke was outside the scope of official police duties. 82 F.3d 1503, 1506 (10th Cir. 1996). Similarly, in *Jojola*, the plaintiffs' § 1983 claim failed because there were no allegations that the janitor acted under color of state law to "entice[]" their child, a minor student, "into the classroom" to sexually assault her "through the use or misuse of any state authority he may have possessed." 55 F.3d 488, 494 (10th Cir. 1995).

Keiner also cites decisions from this Court and other circuits, but these rulings are also distinguishable for the same reasons identified above. *See* Doc. 50 at 11, 14–15. They also do not bind this Court. In *Vincent v. City of Lexington*, for example, a Fourth Circuit panel held that an on-duty police officer who killed his wife during a domestic dispute at their home was not acting under color of state law because the "only fact distinguishing this murder from other fatal domestic disputes is that [the killer] was a policeman"—no official police action took place. 1993 WL 336484, at *1–2 (unpublished). In *Almand v. DeKalb County*, the Eleventh Circuit similarly held that a police officer who broke into a woman's home and sexually assaulted her was not acting under color of state law—"[c]onsidering that [the officer] gained entry to the apartment by forcibly breaking in, any thug or burglar could have committed the same violent acts." 103 F.3d 1510, 1514–15 (11th Cir. 1997). Finally, in *T.G.*, this Court held that a deputy sheriff who tased his coworker (a corrections officer) during a "purely private altercation" at work was not acting under color of state law because the deputy did not "invoke[] authority as a

6

sheriff" during the incident. 2020 WL 6075662, at *13–19. A reasonable jury in this case, in contrast, could conclude that Keiner used his authority and offer of assistance as a police officer to bring Nix to his parent's home the night of the incident. Partial summary judgment on Nix's § 1983 due process claim is therefore unwarranted.

## IV. *Conclusion*

Keiner's motion for partial summary judgment on Nix's § 1983 substantive due process claim (Doc. 50) is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.